**Stephen H. Buckley**, OSB #801786
sbuckley@brownsteinrask.com
**Cary R. Cadonau**, OSB #002245
ccadonau@brownsteinrask.com
BROWNSTEIN | RASK, LLP
1200 S.W. Main Street
Portland, Oregon 97205
Telephone: (503) 221-1772
Fax: (503) 221-1074
    Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON, PORTLAND DIVISION

| | |
|---|---|
| TRUSTEES OF THE OREGON-WASHINGTON CARPENTERS-EMPLOYERS HEALTH AND WELFARE TRUST FUND, TRUSTEES OF THE OREGON-WASHINGTON CARPENTERS-EMPLOYERS PENSION TRUST FUND, TRUSTEES OF THE OREGON-WASHINGTON CARPENTERS-EMPLOYERS VACATION-SAVINGS TRUST FUND, TRUSTEES OF THE OREGON-WASHINGTON CARPENTERS-EMPLOYERS APPRENTICESHIP AND TRAINING TRUST FUND, TRUSTEES OF CARPENTERS INTERNATIONAL TRAINING FUND TRUSTEES OF THE WALLS AND CEILING INDUSTRY PROMOTION FUND and PACIFIC NORTHWEST REGIONAL COUNCIL OF CARPENTERS,<br><br>    Plaintiffs,<br><br>v.<br><br>CASCADE INTERIORS INC.,<br><br>    Defendant. | Civil No.<br><br>**COMPLAINT** (Breach of Collective Bargaining Agreement and Violation of ERISA) |

/// ///

Plaintiffs allege:

# I

# THE PARTIES

1.  Plaintiffs are the Trustees of the Oregon-Washington Carpenters-Employers Health and Welfare Trust Fund (Health Fund), the Oregon-Washington Carpenters-Employers Pension Trust Fund (Pension Fund), the Oregon-Washington Carpenters-Employers Vacation-Savings Trust Fund (Vacation Fund), the Oregon-Washington Carpenters-Employers Apprenticeship and Training Trust Fund (Local Training Fund), the Carpenters International Training Fund (International Training Fund), the Walls and Ceilings Industry Promotion Fund (Promotion Fund) (collectively, "Trust Funds") and the Pacific Northwest Regional Council of Carpenters (Union).

2.  The Health Fund, Vacation Fund, Local Training Fund and International Training Fund are "employee welfare benefit plans" as that term is defined in 29 U.S.C. § 1002(1) of the Employee Retirement Income Security Act of 1974, as amended (ERISA). The Pension Fund is an "employee pension benefit plan" as that term is defined in 29 U.S.C. § 1002(2)(A) of ERISA. Numerous employers pay fringe benefit contributions to the Health Fund, Vacation Fund, Local Training Fund, International Training and Pension Fund, and these funds are "multiemployer plans" as that term is defined in 29 U.S.C. § 1002(37)(A) of ERISA. The Trustees of the Health Fund, Vacation Fund, Local Training Fund, International Training and Pension Fund have discretionary authority and control over the management of the Trust Funds, and are "fiduciaries" as that term is defined in 29 U.S.C. § 1002(21)(A) of ERISA.

/// ///

/// ///

3. The Union is a labor organization with its principal office and place of business in SeaTac, Washington. The Union is the successor to the Pacific Northwest District Council of Carpenters.

4. The Promotion Fund is a trust fund created pursuant to a trust agreement. The Promotion Fund is governed by a board of trustees.

5. Defendant is an Oregon corporation. At all times material to this proceeding (July 2014 through February 2015), Defendant has been an "employer" as that term is defined in 29 U.S.C. § 152(2) of the Labor-Management Relations Act (LMRA) and 29 U.S.C. § 1002(5) of ERISA and has been engaged in an "industry or activity affecting commerce" as that term is defined in 29 U.S.C. §§ 142(1) and (3) of the LMRA and 29 U.S.C. § 1002(12) of ERISA.

II

## JURISDICTION

6. The Court has jurisdiction over the First and Second Claims for Relief brought by the Trustees of the Health Fund, Vacation Fund, Local Training Fund, International Training and Pension Fund against Defendant for violation of the provisions of 29 U.S.C. §§ 1132(a)(3) and 1145 of ERISA pursuant to 29 U.S.C. § 1132(e)(1) of ERISA.

7. At all times material to this proceeding (July 2014 through February 2015), a written collective bargaining agreement has existed between the Carpenters Union and Defendant. The collective bargaining agreement covers employees in an industry affecting commerce and the activities of Defendant affect commerce. The Court has jurisdiction over all Claims for Relief brought by each Plaintiff against Defendant pursuant to the provisions of 29 U.S.C. § 185(a) of the LMRA.

///   ///

Page 3 – **COMPLAINT**

## III

## JOINDER

8.  The obligations of Defendant to Plaintiffs arise out of the same collective bargaining agreement. Common questions of law and fact govern the claims each Plaintiff has against Defendant.

## IV

## FIRST CLAIM FOR RELIEF

9.  At all times material to this proceeding (July 2014 through February 2015), Defendant has been bound by a written collective bargaining agreement with the Union. Under the terms of the collective bargaining agreement, Defendant agreed to be bound by the terms and conditions of the Trust Agreements which created the Trust Funds. Defendant further agreed to pay fringe benefit contributions on behalf of its employees performing work under the collective bargaining agreement to the Trustees of the Trust Funds, and to remit union dues to the Union. Defendant further agreed to file monthly remittance report forms and to pay fringe benefit contributions and union dues to the Trustees of the Trust Funds and Union by the 20th day of the month following the month in which the work was performed.

10. The Trust Agreements which created the Trust Funds (except the International Training Fund) provide that, in the event an employer fails to make a timely payment of fringe benefit contributions, the employer is liable for the delinquent fringe benefit contributions, interest on the delinquent or late paid fringe benefit contributions at the rate of 12 percent per annum from the date each contribution became due until paid and liquidated damages in an amount equal to one percent of the delinquent or late paid fringe benefit contributions for each month that the fringe benefit contributions are late or delinquent.

11. The Trust Agreement that created the International Training Fund provides that, in the event an employer fails to make a timely payment of fringe benefit contributions, the employer is liable for interest on the delinquent fringe benefit contributions at the rate of 1.5% per month, compounded monthly, from the date the contributions became due, until paid, and liquidated damages in an amount equal to 20% of the late paid fringe benefit contributions, or the amount of interest owed, whichever amount is greater.

12. The Union is entitled to recover the union dues pursuant to the terms of the collective bargaining agreement, and interest on the delinquent or late paid union dues from the date payment became due until paid at the rate of nine percent per annum pursuant to the provisions of ORS 82.010.

13. Plaintiffs conducted payroll examinations of Defendant's books and records covering the time period from July 1, 2014 through February 28, 2015 in order to determine whether Defendant paid all required fringe benefit contributions and union dues to Plaintiffs.

14. Based on the results of that payroll examination, Defendant was found to owe the following amounts to Plaintiffs: $14,380.48 in fringe benefits contributions and union dues; $2,467.88 in interest calculated through August 31, 2016, with interest continuing to accrue on the sum of the unpaid fringe benefit contributions ($13,517.85) at the rate of 12% per annum from the September 1, 2016, through entry of judgment, and interest continuing to accrue on the unpaid union dues ($862.63) at the rate of 9% per annum from September 1, 2016, through entry of judgment; plus $2,452.05 in liquidated damages as of August 31, 2016, with liquidated damages continuing to accrue in an amount equal to one percent (1%) of the unpaid fringe benefit contributions ($13,517.85) for each monthly period on and after September 1, 2016, that they remain unpaid.

15. The Trust Agreements that created the Trust Funds provide that, in the event that an employer fails to timely pay fringe benefit contributions and legal proceedings are instituted, the Trustees of the Trust Funds are entitled to recover a reasonable attorneys' fee. The Trustees of the Trust Funds are entitled to recover a reasonable attorneys' fee from Defendant.

16. The Trustees of the Health Fund, Vacation Fund, Local Training Fund, International Training and Pension Fund are also entitled to recover a reasonable attorneys' fee from Defendant pursuant to the provisions of 29 U.S.C. § 1132(g)(2)(D) of ERISA.

V

**SECOND CLAIM FOR RELIEF**

17. The Trustees of the Health Fund, Vacation Fund, Local Training Fund, International Training and Pension Fund reallege and hereby incorporate by reference paragraphs 1 through 16 of their complaint as though fully set forth herein.

18. Defendant failed to timely pay its fringe benefit contributions and union dues for the work months of July 2014 through February 2015. As a result thereof, Defendant owes $26,928.92 in interest to the Trustees of the Health Fund, Vacation Fund, Local Training Fund, International Training and Pension Fund. An accounting is attached as **Exhibit A** and incorporated by this reference.

19. The Trustees of the Health Fund, Vacation Fund, Local Training Fund, International Training and Pension Fund are entitled to recover a reasonable attorneys' fee from Defendant pursuant to the terms of the Trust Agreements that created those Trust Funds, and pursuant to 29 U.S.C. § 1132(g)(2)(D) of ERISA.

/// ///

/// ///

## VI

## THIRD CLAIM FOR RELIEF

20. Plaintiffs reallege and hereby incorporate by reference paragraphs 1 through 19 of their complaint as though fully set forth herein.

21. As a result of the late payments set forth in paragraph 18, above, Defendant owes $1,852.75 in interest to the Promotion Fund and Union, and owes $44,209.78 in liquidated damages to the Trustees of the Trust Funds. See Exhibit A.

22. The Trustees of the Trust Funds are entitled to recover a reasonable attorneys' fee from Defendant pursuant to the terms of the Trust Agreements that created the Trust Funds.

WHEREFORE, Plaintiffs pray for a decree and judgment against Defendant as follows:

1. On the **First Claim for Relief**, requiring Defendant to pay the following amounts to Plaintiffs: $14,380.48 in fringe benefits contributions and union dues; $2,467.88 in interest calculated through August 31, 2016, with interest continuing to accrue on the sum of the unpaid fringe benefit contributions ($13,517.85) at the rate of 12% per annum from the September 1, 2016, through entry of judgment, and interest continuing to accrue on the unpaid union dues ($862.63) at the rate of 9% per annum from September 1, 2016, through entry of judgment; plus $2,452.05 in liquidated damages as of August 31, 2016, with liquidated damages continuing to accrue in an amount equal to one percent (1%) of the unpaid contributions ($13,517.85) for each monthly period on and after September 20, 2016, that they remain unpaid;

2. On the **Second Claim for Relief**, requiring Defendant to pay $26,928.92 in interest to the Trustees of the Health Fund, Vacation Fund, Local Training Fund, International Training and Pension Fund;

/// ///

3.     On the **Third Claim for Relief**, requiring Defendant to pay $1,852.75 in interest to the Promotion Fund and Union, and $44,209.78 in liquidated damages to the Trustees of the Trust Funds;

4.     Providing that Plaintiffs shall retain the right to conduct a future payroll examination of Defendant's books and records (for any time period other than July 2014 through February 2015) in order to ensure that all required fringe benefit contributions and union dues have been paid; and further, in the event the payroll examination reveals that delinquent fringe benefit contributions and/or dues are owed, providing that Plaintiffs shall have the right to institute legal proceedings against Defendant to recover the delinquent fringe benefit contributions and/or union dues found due and owing pursuant to the payroll examination report, together with liquidated damages, interest, payroll examination fees, attorneys' fees and court costs;

5.     Requiring Defendant to pay the Trustees of the Trust Funds a reasonable attorneys' fee;

6.     Requiring Defendant to pay Plaintiffs' costs and disbursements incurred in this lawsuit; and

7.     For such further relief as the Court deems just and equitable.

DATED this 4th day of November 2016.

BROWNSTEIN | RASK, LLP

/s/ Cary R. Cadonau
Cary R. Cadonau, OSB #002245
Of Attorneys for Plaintiffs

# CARPENTERS TRUST FUNDS
## Cascade Interiors, Inc.
### Summary of Money Paid re: Delinquent Contributions

| JULY 2014 | | | | | | |
|---|---|---|---|---|---|---|
| Fund | Contributions Paid | Due Date | Date Received | Days Late | Interest Paid | Liquidated Damages |
| Health | $14,953.92 | 8/20/14 | 9/24/14 | 34 | $167.16 | $299.08 |
| Pension | $9,705.35 | 8/20/14 | 9/24/14 | 34 | $108.49 | $194.11 |
| Apprenticeship | $1,346.50 | 8/20/14 | 9/24/14 | 34 | $15.05 | $26.93 |
| Intl Training | $188.40 | 8/20/14 | 9/24/14 | 34 | $2.11 | $37.68 |
| Wall and Ceiling | $566.85 | 8/20/14 | 9/24/14 | 34 | $4.75 | $56.69 |
| Vacation | $3,143.00 | 8/20/14 | 9/24/14 | 34 | $35.13 | $62.86 |
| Union Dues | $1,954.86 | 8/20/14 | 9/24/14 | 34 | $16.39 | $.00 |
| TOTAL | $31,858.88 | | | | $349.08 | $677.35 |

| AUGUST 2014 | | | | | | |
|---|---|---|---|---|---|---|
| Fund | Contributions Paid | Due Date | Date Received | Days Late | Interest Paid | Liquidated Damages |
| Health | $28,576.32 | 9/20/14 | 10/21/14 | 30 | $281.85 | $285.76 |
| Pension | $13,523.01 | 9/20/14 | 10/21/14 | 30 | $133.38 | $135.23 |
| Apprenticeship | $2,597.92 | 9/20/14 | 10/21/14 | 30 | $25.62 | $25.98 |
| Intl Training | $344.05 | 9/20/14 | 10/21/14 | 30 | $3.39 | $68.81 |
| Wall and Ceiling | $709.05 | 9/20/14 | 10/21/14 | 30 | $5.25 | $70.91 |
| Vacation | $4,761.00 | 9/20/14 | 10/21/14 | 30 | $46.96 | $47.61 |
| Union Dues | $3,264.31 | 9/20/14 | 10/21/14 | 30 | $24.15 | $0.00 |
| TOTAL | $53,775.66 | | | | $520.60 | $634.30 |

| SEPTEMBER 2014 | | | | | | |
|---|---|---|---|---|---|---|
| Fund | Contributions Paid | Due Date | Date Received | Days Late | Interest Paid | Liquidated Damages |
| Health | $44,728.47 | 10/20/14 | 11/13/14 | 23 | $338.22 | $447.28 |
| Pension | $17,097.28 | 10/20/14 | 11/13/14 | 23 | $129.28 | $170.97 |
| Apprenticeship | $3,335.02 | 10/20/14 | 11/13/14 | 23 | $25.22 | $33.35 |
| Intl Training | $653.92 | 10/20/14 | 11/13/14 | 23 | $4.94 | $130.78 |
| Wall and Ceiling | $0.00 | 10/20/14 | 11/13/14 | 23 | $0.00 | $0.00 |
| Vacation | $6,539.25 | 10/20/14 | 11/13/14 | 23 | $49.45 | $65.39 |
| Union Dues | $4,425.74 | 10/20/14 | 11/13/14 | 23 | $25.10 | $0.00 |
| TOTAL | $76,779.68 | | | | $572.21 | $847.77 |

EXHIBIT A
PAGE 1 of 4

| OCTOBER 2014 | | | | | | |
|---|---|---|---|---|---|---|
| Fund | Contributions Owed | Contributions Paid | Date Paid | Days Late | Interest Paid | Liquidated Damages |
| Health | $68,640.90 | $68,640.90[1] | 2/20/15 | 92 | $2,076.15 | $2,745.64 |
| Pension | $25,509.23 | $7,086.10 | 2/20/15 | 92 | $214.33 | $283.44 |
| | | $18,423.13[2] | 3/18/15 | 118 | $714.72 | $736.93 |
| Apprenticeship | $5,168.36 | $5,168.36 | 3/18/15 | 118 | $200.50 | $206.73 |
| Intl Training | $1,001.00 | $1,001.00 | 3/18/15 | 118 | $0.00 | $200.20 |
| Wall and Ceiling | $86.25 | $86.25 | 3/18/15 | 118 | $2.51 | $20.00 |
| Vacation | $10,265.50 | $10,265.50 | 3/18/15 | 118 | $398.25 | $410.62 |
| Union Dues | $6,775.72 | $6,775.72 | 3/18/15 | 118 | $197.15 | $0.00 |
| **TOTAL** | **$117,446.96** | **$117,446.96** | | | **$3,803.61** | **$4,603.56** |

| NOVEMBER 2014 | | | | | | |
|---|---|---|---|---|---|---|
| Fund | Contributions Owed | Contributions Paid | Date Paid | Days Late | Interest Paid | Liquidated Damages |
| Health | $57,759.00 | $57,759.00 | 3/18/15 | 88 | $1,671.05 | $1,732.77 |
| Pension | $21,523.15 | $4,909.70 | 3/18/15 | 88 | $142.05 | $147.29 |
| | | $16,613.45[3] | 3/24/15 | 94 | $513.42 | $664.54 |
| Apprenticeship | $4,370.13 | $4,370.13 | 3/24/15 | 94 | $135.05 | $174.81 |
| Intl Training | $841.25 | $841.25 | 3/24/15 | 94 | $26.00 | $168.25 |
| Wall and Ceiling | $108.75 | $108.75 | 3/24/15 | 94 | $2.52 | $20.00 |
| Vacation | $8,710.00 | $8,710.00 | 3/24/15 | 94 | $269.17 | $348.40 |
| Union Dues | $5,756.30 | $5,756.30 | 3/24/15 | 94 | $133.42 | $0.00 |
| **TOTAL** | **$99,068.58** | **$99,068.58** | | | **$2,892.68** | **$3,256.06** |

---

[1] Two-party check from Regional Council of Carpenters in the amount of $75,727.00 received on February 20, 2015.

[2] On March 18, 2015, The Earhart Company received a check from Cascade Interiors in the amount of $104,388.66, which was applied to pay the balance of October 2014 pension contributions, full payment of October 2014 apprenticeship, international training, wall and ceiling, vacation, and union dues, full payment of November 2014 health contributions and partial of the November 2014 pension contributions ($4,909.70).

[3] On March 24, 2015, I received Market Recovery Check No. 8210 in the amount of $66,568.00 with Cascade Interiors' endorsement. The check was applied to pay the balance of the November 2014 pension contributions, full payment of the November 2014 apprenticeship, international training, wall and ceiling, vacation and union dues, and a partial payment of the December 2014 health contributions ($30,168.12).

EXHIBIT A
PAGE 2 of 4

| DECEMBER 2014 | | | | | | |
|---|---|---|---|---|---|---|
| Fund | Contributions Paid | Date Paid | Days Late | Interest Paid | Interest Still Owed | Liquidated Damages |
| Health | $30,168.12 | 3/24/15 | 63 | $484.13 | $140.72 | $905.04 |
|  | $32,000.00[4] | 5/27/15 | 127 | $1,035.20 | $300.91 | $1,600.00 |
|  | $10,000.00[5] | 6/3/15 | 134 | $341.33 | $99.22 | $500.00 |
|  | $2,212.98[6] | 6/3/15 | 134 | $75.53 | $21.96 | $110.65 |
| Pension | $26,090.22 | 6/3/15 | 134 | $890.54 | $258.86 | $1,304.51 |
| Apprenticeship | $5,633.89 | 6/3/15 | 134 | $192.30 | $55.90 | $281.69 |
| Intl Training | $1,081.95 | 6/3/15 | 134 | $55.40 | $16.10 | $216.39 |
| Wall and Ceiling | $160.50 | 6/3/15 | 134 | $4.11 | $1.19 | $20.00 |
| Vacation | $11,298.50 | 6/3/15 | 134 | $385.65 | $112.10 | $564.93 |
| Union Dues | $4,579.96 | 6/3/15 | 134 | $117.25 | $34.08 | $0.00 |
|  | $2,688.56[7] | 7/6/15 | 167 | $85.77 | $24.94 | $0.00 |
| TOTAL | $125,914.68 |  |  | $3,667.21 | $1,065.98 | $5,503.21 |

| JANUARY 2015[8] | | | | | | |
|---|---|---|---|---|---|---|
| Fund | Contributions Owed | Contributions Paid | Date Paid | Days Late | Interest | Liquidated Damages |
| Health | $121,943.34 | $1,580.69 | 7/6/15 | 136 | $70.68 | $79.03 |
|  |  | $27,623.70[9] | 7/24/15 | 154 | $1,398.59 | $1,654.42 |
|  |  | $55,657.80[10] | 9/18/15 | 210 | $3,842.68 | $3,896.05 |
|  |  | $37,081.15[11] | 10/2/15 | 224 | $2,730.80 | $2,966.49 |
| Pension | $41,072.08 | $41,072.08 | 10/2/15 | 224 | $3,024.71 | $3,285.77 |
| Apprenticeship | $9,301.05 | $9,301.05 | 10/2/15 | 224 | $684.96 | $744.08 |
| Intl Training | $1,734.05 | $1,734.05 | 10/2/15 | 224 | $191.55 | $346.81 |
| Wall and Ceiling | $707.85 | $707.85 | 10/2/15 | 224 | $39.10 | $70.79 |
| Vacation | $18,456.50 | $18,456.50 | 10/2/15 | 224 | $1,359.21 | $1,476.52 |
| Union Dues | $12,399.26 | $12,399.26 | 10/2/15 | 224 | $684.85 | $0.00 |
| TOTAL | $205,614.13 | $205,614.13 |  |  | $14,027.13 | $14,519.96 |

---

[4] Two-party check from Greenberry Construction (check no. 24656) for Woodland Square job received 5/27/2015.

[5] Cascade Interiors check no. 19721. This check represents a portion of the fringe benefit contributions owed on the Superior Tire Store. General Contractor Rich Duncan Construction will be issuing a two-party check for the balance (approximately $4,400).

[6] Two-party market recovery check ($51,058) from the Pacific Northwest Regional Council of Carpenters (check no. 008285).

[7] Two-party check from Rich Duncan Construction (check no. 24242) in the amount of $4,269.25. The check was applied to pay the balance of December 2014 union dues ($2,688.56), and the remainder was applied as partial payment toward January 2015 health contributions ($1,580.69).

[8] The contributions owed for January 2015 have been revised by The Earhart Company after it corrected math errors on the January 2015 remittance report form. See October 9, 2015 email from Jennifer Hrynko.

[9] Retention check from Gerding Builders (check no. 024317) in the amount of $27,623.70 on Grand Ronde Apartments job received 7/24/15.

[10] Retention check from Gerding Builders (check no. 024979) in the amount of $55,657.80 on First Street Apartments job received 9/18/15.

[11] Retention check from Gerding Builders (check no. 025160) in the amount of $196,885.80 on Samaritan Hotel and Suites job received 10/2/15.

EXHIBIT A
PAGE 3 of 4

| FEBRUARY 2015 | | | | | | |
|---|---|---|---|---|---|---|
| Fund | Contributions Owed | Contributions Paid | Date Paid | Days Late | Interest | Liquidated Damages |
| Health | $119,031.66 | $76,133.86 | 10/2/15 | 196 | $4,905.94 | $5,329.37 |
|  |  | $42,897.80[12] | 11/2/15 | 227 | $3,201.47 | $3,431.82 |
| Pension | $36,220.60 | $36,220.60 | 11/2/15 | 227 | $2,703.15 | $2,897.65 |
| Apprenticeship | $8,989.19 | $8,989.19 | 11/2/15 | 227 | $670.86 | $719.14 |
| Intl Training | $1,733.90 | $1,733.90 | 11/2/15 | 227 | $194.10 | $346.78 |
| Wall and Ceiling | $216.45 | $216.45 | 11/2/15 | 227 | $12.12 | $21.65 |
| Vacation | $17,764.50 | $17,764.50 | 11/2/15 | 227 | $1,325.77 | $1,421.16 |
| Union Dues | $11,526.10 | $11,526.10 | 11/2/15 | 227 | $645.15 | $0.00 |
| **TOTAL** | **$195,482.40** | **$195,482.40** |  |  | **$13,658.56** | **$14,167.57** |

---

[12] On November 2, 2015, we sent a cashiers check to The Earhart Company in the amount of $142,000.00, which was received in resolution of the construction lien for the Retreat at Oak Ridge. The check was applied to pay the balance of the February 2015 contributions ($119,348.54). Per a November 20, 2015 email from Jennifer Hrynko, there is $21,662.75 in the holding account. The $21,662.75 in the holding account was first applied to pay Brownstein Rask's attorneys' fees and costs through October 31, 2015 ($9,857.36), and the balance ($11,805.39) was used to pay the July 2014 through November 2014 interest in full ($8,138.18) and a pro rata share of the interest owed for December 2014 ($3,667.21)

EXHIBIT A
PAGE 4 of 4